OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with this memorandum and, as so modified, affirmed.
The unambiguous statutory scheme establishes that, immediately upon sentencing, a juvenile offender must be committed to the custody of the Director of the State Division for Youth (DFY) for confinement in a secure DFY facility. CPL 430.20 (subd 1) provides that “[w]hen a sentence of imprisonment is pronounced * * * the defendant must forthwith be committed to the custody of the appropriate public servant” (emphasis added). In the case of a juvenile or youthful offender sentenced to an indeterminate or definite sentence, custody is “committed to * * * the director of the division for youth who shall arrange for the confinement of such offender in secure facilities of the division” (Penal Law, § 70.20, subd 4). DFY is obligated to maintain such secure facilities and provide appropriate services (Executive La w, § 515-b).
Contrary to the argument of defendants DFY and Hall, the director, the statutes permit no discretion as to when juvenile offenders must be accepted for transfer. “[Fjorthwith” cannot be read to permit transfer whenever DFY deems it prudent. “[FJorthwith” here means without delay. Trial Term thus correctly determined that DFY had the legal responsibility to provide facilities and to place sentenced juvenile offenders in such facilities upon sentencing.
Similarly unpersuasive is defendants’ challenge to the determination that DFY’s obligation to accept juvenile offenders committed to it must be satisfied within 10 days of sentencing. That determination, left undisturbed by the Appellate Division, cannot be said to be inappropriate on this record and in light of defendants’ reluctance to act promptly. There was introduced at trial substantial evidence concerning the relative merits of detention facilities operated by the City of New York and the State and the *859 State’s capacity to receive sentenced juvenile offenders. The trial court found that existing DFY facilities were underused and could accommodate juvenile offenders held after sentence in the city facility. Defendants point to nothing to show that the 10-day limit for transfer is inadequate for routine processing or is otherwise unreasonable. Of course, this limit should yield in a particular case when there is a demonstrated need for flexibility.
Trial Term granted injunctive relief, ordering DFY to accept transfer of plaintiffs and all other juvenile offenders within 10 days of sentencing. Inasmuch as class certification was denied and plaintiffs apparently already have been placed in DFY facilities, such a broad order is inappropriate under the circumstances. Declaratory relief is sufficient to establish the rights at issue. The order of the Appellate Division therefore should be modified to the extent of deleting the injunctive relief and declaring that the State is obligated to transfer a juvenile offender to a DFY facility within 10 days of sentencing unless exigent circumstances which justify a further limited delay are present in a particular case.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order modified, etc.