■ COUNTY OF NASSAU, Respondent-Appellant, v MARIO M. CUOMO, as Governor and Chief Executive Officer of the State of New York, et al., Appellants-Respondents. NEW YORK STATE DIVISION OF PAROLE, Proposed Intervenor-Appellant-Respondent.—In a hybrid proceeding pursuant to CPLR article 78 to compel the New York State Department of Correctional Services (hereinafter the Department) to accept forthwith all State-ready inmates lodged in the Nassau County Correctional Center, and for a declaratory judgment that the Department has a duty to accept such inmates forthwith, the parties appeal and cross-appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated November 1, 1984, which granted the petition to the extent of directing the Department to accept all State-ready prisoners within 14 days of their sentencing, and denied the appellants-respondents' counterclaim to compel the petitioner to provide space for the detention of certain parole violators.

Judgment modified, on the law, by (1) adding, after the words "of such sentencing" in the second decretal paragraph thereof, the words "and unless exigent circumstances which justify a further limited delay are present in a particular case", and (2) deleting the fifth decretal paragraph thereof, which declared that the petitioner is excused from its obligation under Executive Law § 259-i to provide lodging for certain parolees on the ground that it is not presently practicable for the petitioner to comply, and substituting therefor a provision compelling the petitioner to accept for detention all alleged parole violators whose parole is supervised in Nassau County pursuant to its obligation under Executive Law § 259-i. As so modified, judgment affirmed, without costs or disbursements.

CPL 430.20 (1) provides that "[w]hen a sentence of imprisonment is pronounced * * * *the defendant must forthwith* be committed to the custody of the appropriate public servant" (emphasis supplied). As used in this statute, "forthwith" means without delay, and cannot be read to permit the transfer of prisoners to the appellants-respondents only when they deem it to be prudent or appropriate *(see, Crespo v Hall,* 56 NY2d 856, 858). Therefore, Special Term correctly determined that it is the responsibility of the Department to provide the necessary facilities, and to place offenders in those facilities upon sentencing.

According to the evidence presented at the hearing, both

the petitioner's and the Department's correctional facilities are filled at least to capacity, and the State is now completing construction of additional space. Special Term's determination that the Department must fulfill its responsibility within 14 days does not appear to be either "inadequate for routine processing" or "otherwise unreasonable" *(Crespo v Hall, supra,* p 859), as a general proposition. However, as the Court of Appeals had indicated, some flexibility must be provided and any such direction "should yield in a particular case when there is a demonstrated need for flexibility" *(Crespo v Hall, supra).* Accordingly, the judgment should be modified to provide that the New York State Department of Correctional Services is obligated to transfer subject offenders within 14 days of sentencing unless exigent circumstances which justify a further limited delay are present in a particular case *(see, Crespo v Hall, supra).*

Finally, although Special Term correctly declared that Nassau County has a general obligation pursuant to Executive Law § 259-i to house alleged parole violators, it erred in declaring that fulfillment of that obligation could be excused under certain circumstances. The phrase "insofar as practicable" in Executive Law § 259-i (3) (b) refers not to the county's obligation to accept all such alleged parole violators, but to its obligations to house these persons within the county, to the extent that it is possible to do so. The judgment must, therefore, be modified to direct the petitioner to fulfill its obligation under Executive Law § 259-i. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.