OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with this memorandum and, as so modified, affirmed for the reasons stated by the Appellate Division (121 AD2d 428).
The Appellate Division declared that the county is obliged to accept for detention all alleged parole violators whose parole is supervised in Nassau County. However, Executive Law § 259-i (3) (a) (i) unambiguously provides that Nassau County is responsible for lodging alleged parole violators arrested within the county. Thus, that portion of the declaration should be modified to compel the county to accept for detention all alleged parole violators who are arrested within Nassau County.
The courts below reached their considered decisions concerning the number of days after which the State must accept prisoners based upon a period measured from sentencing (see, Crespo v Hall, 56 NY2d 856; CPL 430.20 [1]), rather than from the date of State-readiness (see, Correction Law §§ 600-a, 601). Both parties now urge for the first time before this court that *741 the State’s obligation to accept a prisoner "forthwith” (CPL 430.20) commences when the prisoner becomes State-ready, rather than upon sentencing, and ask us to determine the lawful period measured from the date of State-readiness. We cannot, however, consider such an issue for the first time on appeal.
Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler and Judge Bellacosa taking no part.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.