COUNTY OF MONROE et al., Appellants, v STATE OF NEW YORK, Respondent. (And Two Other Related Claims.)

Third Department, January 22, 1987

## APPEARANCES OF COUNSEL

*Charles R. Valenza, County Attorney (Kenneth R. Fisher* of counsel), for appellants.

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

At issue in this case is whether there is a private right of

action for money damages pursuant to CPL 430.20, arising from the State's delay in accepting into the Department of Correctional Services (DOCS) convicted felons who have been sentenced to State correctional facilities. Claimants contend that such a right of action does exist, and they accordingly seek recovery of the costs of housing "State-ready" prisoners between the time of their sentencing and the time of their acceptance by DOCS. The Court of Claims determined that no such right of action exists, and accordingly granted the State summary judgment dismissing the claims (130 Misc 2d 261).

CPL 430.20 (1) provides, in part, that "[w]hen a sentence of imprisonment is pronounced * * * the defendant must *forthwith* be committed to the custody of the appropriate public servant and detained until the sentence is complied with" (emphasis supplied). The word "forthwith" means "without delay" *(Crespo v Hall,* 56 NY2d 856, 858). The Court of Appeals has approved the use of declaratory judgments *(see, supra)* and, in an appropriate case, mandamus *(see, Matter of County of Onondaga v New York State Dept. of Correctional Servs.,* 62 NY2d 826, 828) as vehicles for enforcing the mandate of CPL 430.20 (1). Because such equitable actions are established under the statute, claimants contend, it follows that a private right of action for recovery of money damages is also established.

We disagree with this analysis of CPL 430.20 (1) and agree with the Court of Claims that claimants do not have a private right of action for money damages under that statute. Where the Legislature fails to specify a remedy for the violation of a statute, as is the case with CPL 430.20 (1), it is left to the courts to determine whether private litigants have a cause of action for its violation *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 324-325; *County of Broome v State of New York,* 119 AD2d 358, 360-361). The factors in making this determination include the language of the statute and its legislative history, whether the claimants are members of the class for whose benefit the statute was enacted, and whether a private right of action would be consistent with the underlying purposes of the statute *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* p 325; *County of Broome v State of New York, supra,* p 361; *Carpenter v City of Platts-burgh,* 105 AD2d 295, 298, *affd* 66 NY2d 791).

The Court of Claims found, and we agree, that claimants qualify as members of the class for whose benefit CPL 430.20 and its predecessors were enacted. However, we do not find

that the other *Lindner* factors are met. Neither the language of CPL 430.20, which is a direct descendant of a similar provision in the 1881 Code of Criminal Procedure (former Code Crim Pro § 487), nor the legislative history of these provisions contain any indication as to whether the Legislature intended a private right of action. While we recognize that the absence of any such indication does not a fortiori foreclose the possibility of a private right of action, we note that, in other instances, the Legislature has enacted various provisions whereby the State is made responsible for reimbursing the costs incidental to the care of State prisoners *(see, e.g.,* Correction Law § 601-b [reimbursement for care of coram nobis prisoners]; Correction Law § 602 [reimbursement of Sheriff's expenses in transporting State prisoners]).

Indeed, in 1985, the Legislature enacted a statute providing relief similar to that sought by claimants herein. Under Correction Law § 601-c (2), the State is responsible for paying the costs of care of State prisoners when DOCS fails to accept custody of a State prisoner within five days of DOCS' receipt of written notification that the Sheriff is prepared to transport the State prisoner (L 1985, ch 494, § 2).* Since the Legislature has provided for reimbursement to counties by specific statutes, and since CPL 430.20 (1) and its predecessors give no indication that a private right of action for such reimbursement lies under that statute, a reasonable inference is that the Legislature did not intend a private right of action under CPL 430.20 (1). Under such circumstances, we cannot say that a private right of action would be consistent with the purposes of CPL 430.20 (1). Accordingly, the Court of Claims properly granted the State summary judgment dismissing the claims.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.

---

* Since this statute was enacted in 1985, its provisions are inapplicable to the claims herein.