■ In the Matter of EUGENE T. DOOLEY, as Sheriff of the County of Suffolk, et al., Respondents, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the New York State Department of Correctional Services (hereinafter the department) to accept forthwith all State-ready inmates lodged in the Suffolk County Correctional Facility, the appeal is from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated May 7, 1987, which granted the petition and directed the department to immediately remove all State-ready inmates currently in the custody of the petitioner beyond 14 days of their sentencing, and to thereafter remove all State-ready inmates remanded to the custody of the petitioner within 14 days of the date of their sentencing.

Ordered that the judgment is modified, on the law, by adding to the second decretal paragraph thereof, after the words "the date of the inmate's sentencing", the words "unless exigent circumstances which justify a further limited delay are present in a particular case"; as so modified, the judgment is affirmed, without costs or disbursements.

Despite the appellant's statutory duty to accept prisoners sentenced to State custody "forthwith" (CPL 430.20 [1]), the record herein establishes that State-ready inmates have remained in the Suffolk County Correctional Facility (hereinafter SCCF) for months awaiting transfer to State facilities and that the resulting excess population in the SCCF has created a dangerously overcrowded situation. The appellant's contention that the department's facilities are also overcrowded does not constitute a justifiable reason for avoiding its legal responsibility *(see, Crespo v Hall,* 56 NY2d 856, 858). We find that the record herein supports the court's implicit finding that it is not unreasonable under the circumstances to require the department to meet its obligation within 14 days of sentenc-

ing, provided some flexibility remains in appropriate cases *(see, County of Nassau v Cuomo,* 121 AD2d 428, *mod on other grounds* 69 NY2d 737).

We reject the appellant's contention that the court should have permitted him to make a record on certain allegedly disputed factual issues since those issues are irrelevant to the appellant's obligation to comply with its statutory duties. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.