OPINION OF THE COURT
Kaye, J.
Under New York’s bipartite corrections system, individuals ultimately subject to State custody may initially be confined in county jails, to be transferred to State correctional facilities after conviction and sentencing. This appeal focuses on the *350 point when the State must accept State prisoners from county jails. In a situation where State and county correction officials each claim dangerous overcrowding at their facilities, the point when inmates must be accepted into State custody— already the subject of extensive litigation — obviously has great practical importance.
The legal issue centers on CPL 430.20 (1), which directs —with apparent simplicity — that "[w]hen a sentence of imprisonment is pronounced * * * the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with.” What is the meaning of the statutory term "forthwith?” We conclude that the State’s responsibility under the statute is to accept without delay inmates in local facilities who have been committed to the custody of the State Department of Correctional Services (see, Penal Law § 70.20). While there may be some limited flexibility in CPL 430.20 (1), the statute does not vest discretion in the State to delay accepting State-ready inmates on the basis of relative overcrowding at State and local facilities.
This article 78 proceeding is brought by 49 of the State’s 58 county Sheriffs,[1] who are responsible for the custody of prisoners committed to the county jails, seeking essentially to compel respondent Commissioner of the State Department of Correctional Services (DOCS) to accept within 48 hours all State-ready prisoners and to timely process all alleged parole violators; petitioners also ask that, until these steps are taken, the State Commission of Correction (separately named as respondents) should be restrained from enforcing "minimum standards” regulations for the operation of the county jails.
Petitioners contend that, owing to State prison overcrowding, DOCS as a matter of policy has delayed accepting inmates from county jails, sometimes for six months or more, unless otherwise judicially ordered (see, e.g., Matter of Dooley v Coughlin, 72 NY2d 984 [decided today]; County of Nassau v *351 Cuomo, 69 NY2d 737; Matter of County of Monroe v Cuomo, 132 AD2d 1003, lv denied 70 NY2d 608; Jackson v New York State Dept. of Correctional Servs., NYLJ, Sept. 28, 1988, at 24, col 2; Matter of Higgins v New York Dept. of Correctional Servs., Sup Ct, Erie County, [Kane, J.]; Matter of County of Monroe v Cuomo, 123 AD2d 141, lv denied 69 NY2d 612; Benjamin v Malcolm, 803 F2d 46, cert denied sub nom. Cuomo v Koehler, 480 US 910). The Sheriffs urge that failure to accept defendants and parole violators promptly, as directed by statute, has resulted in overcrowding of county jails, threatening the health, welfare and safety of petitioners, their staffs, the inmates and the community. Petitioners additionally contend that another State official, respondent Chief Executive Officer of the State Division of Parole, routinely and unreasonably delays parole revocation proceedings beyond the statutory periods (see, Executive Law § 259-i), with the result that alleged parole violators languish in county jails for months before their status is adjudicated.
While denying petitioners’ statistics and other allegations of the petition, respondent DOCS Commissioner does not dispute the underlying proposition that relative conditions at detention facilities are considered in determining when to accept inmates into State custody. Indeed, he contends that it is entirely appropriate under CPL 430.20 (1), as well as Correction Law §§ 70 (2), 137 and 504 (1) relating to safe, healthy and humane confinement, to weigh crowding in the respective facilities as well as the options available to the county officials to increase the capacity of local jails; he maintains that these are necessary components of the statutory term "forthwith.” Respondents additionally advance several defenses in their response to the petition, including the Sheriffs’ lack of standing to challenge the timeliness of parole revocation proceedings.
Supreme Court ordered that DOCS must accept inmates, including adjudicated parole violators, within 10 days after notification of State-readiness.[2] Exigent circumstances — not including delay occasioned by overcrowded conditions in State facilities — might justify a further limited delay in the transfer of custody. The court went on to determine that it was fair *352 and appropriate to restrain the Commission of Correction from enforcing its "minimum standards” regulations where a county facility’s overpopulation was due to the presence of State-ready inmates and return parole violators after the 10-day transfer period had elapsed; it dismissed petitioners’ cause of action against the Division of Parole, on account of lack of standing, and it dismissed their claim for damages as well as respondents’ counterclaim. A divided Appellate Division modified Supreme Court’s judgment in two respects. First, the court concluded that Supreme Court lacked authority to order that DOCS must accept prisoners within 10 days after notification of State-readiness, holding instead that the judiciary may define the term "forthwith” as a specific time period only where such relief is necessary on a case-by-case basis. Second, the Appellate Division concluded that it was inappropriate to restrain enforcement of the "minimum standards” regulations.
We now modify the Appellate Division order, reinstating the judgment of Supreme Court as to the meaning of "forthwith.”
I.
The modern-day prison overcrowding crisis has suddenly focused attention on the statutory term "forthwith,” a word which has been in the English language for centuries and in CPL 430.20 (1) and its predecessor since at least 1881, without significant controversy.
Three times recently we have considered the term. In Crespo v Hall (56 NY2d 856), we concluded that the relevant statutes permitted no discretion as to when juvenile offenders had to be accepted for transfer by the State Division for Youth (DFY), and that "forthwith” means without delay and cannot be read to permit transfer of juveniles whenever DFY deems it prudent. We left undisturbed a 10-day limit for transfer, there having been no showing that this period was inadequate for routine processing or otherwise unreasonable, and we further noted that the limit should yield in particular cases of demonstrated need. Similarly, in County of Nassau v Cuomo (69 NY2d 737, supra), this court affirmed the Appellate Division’s conclusions that "forthwith” in CPL 430.20 (1) means without delay and cannot be read to permit transfer to the custody of State officials only when they deem it prudent or appropriate. Again the court concluded that a 14-day period did not appear to be either inadequate for routine processing *353 or otherwise unreasonable, leaving open the possibility for flexibility in particular cases of demonstrated need (cf., Matter of County of Onondaga v New York State Dept. of Correctional Servs., 62 NY2d 826). Those same principles guide our decision today.
We reiterate that the statutory mandate to commit individuals to the officials responsible for their custody “forthwith” means that it is to be done without delay, at once, promptly. "Forthwith” signals immediacy. It was in fact the very word used in the Code of Criminal Procedure of 1881 sections antedating CPL 430.20 (1). Those sections provided that when a judgment is pronounced a certified copy of entry must “forthwith” be furnished to the officer whose duty it is to execute the judgment; if a judgment of imprisonment, the defendant must "forthwith” be committed to the custody of the proper officer, and detained by him until compliance with the judgment (Code Grim Pro §§ 486, 487). The use of “forthwith” in those provisions, as in CPL 430.20 (1) — every one of them directory, none of them discretionary — leaves no doubt that their mandates were to be accomplished with dispatch. Thus, we conclude that State-ready inmates (including adjudicated parole violators) committed to State custody must be accepted by respondent Commissioner without delay, it being the statutory responsibility of the State to provide for their detention until their sentence is carried out.
While the Legislature made clear its intention that commitment to the custody of the appropriate public servant should take place without delay, its choice of “forthwith” rather than the specification of a hard-and-fast number of days left certain limited flexibility in implementing its mandate. But any such flexibility in "forthwith” simply cannot accommodate the Commissioner’s view that the statute vests discretion in DOCS to accept defendants from county jails when it deems it prudent or appropriate to do so (see, County of Nassau v Cuomo, 69 NY2d 737, supra; Crespo v Hall, 56 NY2d 856, supra).
Respondent Commissioner urges that the issue can be resolved only after a court analyzes the circumstances in each locality, determines which facilities are overcrowded and what steps are being taken to alleviate overcrowding, and "prioritizes” the allocation of space in State correctional facilities, dependent in part on a locality’s effort to alleviate overcrowding. Such a construction, however, ignores the fact that it is *354 the State’s statutory responsibility to house these inmates and it ignores the plain direction of CPL 430.20 (1) that they are to be committed to appropriate custody without delay. The Legislature did not provide for transfer to State custody in the Commissioner’s discretion, upon his conclusion that State facilities were safe, healthy and humane, and inmates classified according to their needs; it said "forthwith.” Any limited flexibility in "forthwith” obviously must be reserved for exigent circumstances in particular cases, not for evaluation of relative capacity of State and local detention facilities that would in effect reallocate a portion of the State’s responsibility to the localities. The Commissioner’s construction robs the legislative direction "forthwith” of any force.
The Legislature specified no hard-and-fast number of days in enacting CPL 430.20 (1); nor do we in construing it. We conclude that Supreme Court’s order that transfer be accomplished within the 10 days of State-readiness comports with the mandate of CPL 430.20 (1). While "forthwith” has been held to mean as little as 48 hours (Benjamin v Malcolm, 629 F Supp 713, affd 803 F2d 46, cert denied sub nom. Cuomo v Koehler, 480 US 910, supra), here Supreme Court— exercising discretion appropriate to the judiciary in applying this statute — concluded that the term could also accommodate respondent Commissioner’s representation to the court that DOCS’ "logistic needs require that the Department plan for the receipt of new inmates ten days in advance.” There was no abuse of discretion in Supreme Court’s holding.
The Commissioner’s argument, in the end, is a plea to the courts to redistribute responsibility for housing the State’s vastly expanded prison population, placing a greater burden on the localities, who (he alleges) have — relative to the State— failed to meet increased needs by enlarging their facilities. Such a plea for change in the law is appropriately directed to the legislative and executive branches of government, not to the courts.
II.
Petitioners’ remaining contentions lack merit.
Both the trial court and the Appellate Division correctly determined that petitioner Sheriffs lack standing to challenge the alleged failure on the part of the Division of Parole to schedule timely parole revocation procedures under Executive *355 Law § 259-i (3). Those statutory procedures were plainly designed for the protection of the parolees, and are enforceable by them; they give the Sheriffs no role in the scheduling or conduct of the hearings (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 414). And while petitioner Sheriffs urge that they are entitled to the extraordinary remedy of an injunction to halt enforcement of "minimum standards” regulations promulgated by respondent Commission of Correction (see, 9 NYCRR part 7040) to the extent that overcrowding of their facilities is caused by DOCS’ failure to act timely in accepting prisoners, they acknowledge that such an injunction would "never apply” if DOCS accepted prisoners committed to its custody within 10 days of State-readiness. In that this relief is ordered today, we conclude there is no need to consider whether an injunction would otherwise be appropriate or necessary.
Accordingly, the order of the Appellate Division should be modified, with costs, by reinstating the judgment of Supreme Court, Albany County, with respect to the meaning of "forthwith” in CPL 430.20 (1), and otherwise affirmed.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.

. Petitioners’ request for class action certification was denied and is not before us. Respondents’ request for dismissal for failure to join all other officials responsible for operations of local facilities as "necessary parties” (CPLR 1001 [b] [2], [5]) was correctly denied on the ground that adequate relief can be granted without their joinder. Respondents’ contention that in order for a court to determine the meaning of "forthwith” it must "do a comparative analysis of particular circumstances in each locality and determine which localities are overcrowded and what efforts those localities have taken to alleviate overcrowding” is without merit.

. Petitioners sought to compel timely acceptance of "State-ready” prisoners and adjudicated parole violators, which is the relief that was ordered by Supreme Court. There was no dispute between the parties as to the requirement of State-readiness.