■ BUCKINGHAM APARTMENTS, INC., LTD., et al., Appellants, v JAMES P. DOODY, as Supervisor of the Town Board of the Town of Eastchester, et al., Respondents.—In an action for a judgment declaring a resolution of the Town Board of the Town of Eastchester dated May 26, 1988, to be invalid, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated April 10, 1989, which, *inter alia,* granted the defendants' motion to dismiss the complaint, and denied the plaintiffs' cross motion for summary judgment on the ground, *inter alia,* that the plaintiffs lacked standing to bring the action.

Ordered that the order and judgment is affirmed, with costs.

In 1974, the Town Board of the Town of Eastchester (hereinafter the Board), by resolution, enacted its version of the Emergency Tenant Protection Act of 1974 (hereinafter ETPA). By adoption of a subsequent amending resolution dated May 26, 1988, the Board removed certain owner-occupied condominium and cooperative units from ETPA regulation. The plaintiffs, a group of owner-occupants, commenced this action to have the Board's amending resolution declared invalid and unlawful. The court dismissed the complaint on the ground, *inter alia,* that the plaintiffs were without standing to bring the action.

The plaintiffs contend that the court erred in finding that they lack standing to challenge the amending resolution, arguing that its adoption directly affects their property interests. We disagree. In order to establish standing to challenge a governmental action, it must be shown that the challenged action will in fact have a harmful effect on the plaintiffs *and* that the interest asserted by the plaintiffs arguably falls within the zone of interests to be protected by the statutory or constitutional provisions which the plaintiffs invoke *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Here, the court correctly found that the plaintiffs have failed to establish that the challenged resolution has

caused them any injury which falls within the zone of interests protected by the ETPA.

The ETPA was enacted: "in order to prevent exaction of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health, safety and general welfare * * * in order to prevent uncertainty, hardship and dislocation" (McKinney's Uncons Laws of NY § 8622 [L 1974, ch 576, § 4]). The minutes of the public hearing of May 25, 1988, which preceded adoption of the challenged resolution, demonstrate that the plaintiffs' interests lie exclusively in the preservation of the lower assessed values for their properties which result when those properties fall under ETPA regulation. Inasmuch as the ETPA is not intended to regulate or control property tax assessments, the instant complaint fails to allege injury to the plaintiffs that is cognizable under the ETPA, and the Supreme Court properly dismissed the complaint for lack of standing. Where, as here, the "economic harm" alleged is outside the realm of the statutory right sought to be enforced, standing is absent (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra; Matter of Sheehan v Ambach, 136 AD2d 25, 28-29; see also, Matter of Ayers v Coughlin, 72 NY2d 346, 355).

The plaintiffs' contention that an affirmance on the ground of lack of standing will create an impenetrable barrier to requests by property owners for judicial scrutiny of any adverse determination by a municipality pursuant to the ETPA is unavailing. Such determinations remain susceptible to challenge by property owners who can demonstrate that they are aggrieved by the granting of ETPA-conferred rights or protections. Further, the resolution is subject to challenge by present and prospective ETPA tenants who are aggrieved by the loss of ETPA rights or protections as a result of the removal from regulation of these units pursuant to the challenged resolution.

In view of the foregoing, we decline to reach the plaintiffs' remaining contentions. Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.