■ In the Matter of NORWOOD E. JACKSON, as Commissioner of the Department of Correction of the County of Westchester, et al., Respondents, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the appellants to accept all State-ready inmates in the custody of the Westchester County Department of Correction, the appeal is from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered November 22, 1989, which found the appellants to be in civil contempt of its previous order and judgment (one paper), entered September 27, 1988, directing the appellant, the New York State Department of Correctional Services, to accept custody of all State-ready inmates in the petitioner's custody, and (2) an order and judgment (one paper) of the same court, dated May 1, 1990, which imposed a fine of $329,380.99 against the appellant New York State Department of Correctional Services for civil contempt.

Ordered that the appeal from the order entered November 22, 1989, is dismissed; and it is further,

Ordered that the order and judgment dated May 1, 1990, is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The appeal from the intermediate order entered November 22, 1989, must be dismissed as the right of direct appeal therefrom terminated with the entry of the order and judgment dated May 1, 1990, in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order entered November 22, 1989, are brought up for review and

have been considered on the appeal from the order and judgment dated May 1, 1990 *(see,* CPLR 5501 [a] [1]).

By an order and judgment, entered September 27, 1988, the Supreme Court, Westchester County (Silverman, J.), ordered the appellants, pursuant to their obligation under CPL 430.20 (1), to accept custody of all "state-ready" inmates who had been in the petitioners' custody in excess of 14 days following the date of their sentence, or in the case of parole violators 14 days following their final adjudication by New York State Parole Board. When, over seven months later, the appellants had failed to comply with that directive, the petitioners moved to have them held in civil contempt pursuant to the Judiciary Law.

The record clearly establishes that the terms of the order and judgment entered September 27, 1988, were unequivocal, that the appellants had knowledge of it, that they had not complied with it, and that there was no valid justification for their failure to comply. Thus, the court was justified in finding the appellants in civil contempt *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 240).

Judiciary Law § 773, which governs civil contempt, provides that a contempt remedy is authorized when the case "is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury" (Judiciary Law § 773). The State argues that Correction Law § 601-c (2) provides a "specially prescribed" remedy, and that a contempt adjudication is therefore unauthorized and impermissible. We disagree.

Correction Law § 601-c (2), which contains a $40 per day penalty limit, provides as follows: "[T]he expense of maintaining a person convicted of a felony whose sentence has been pronounced and which requires that he be committed to the custody of the commissioner, and who has not been accepted for custody by the commissioner within five days of receipt of written notification by the department from the appropriate local official that he is prepared to transport such person to the facility designated by the department * * * shall be paid by the state at the actual per day per capita cost, as certified by the appropriate local official, or * * * forty dollars per day per capita, whichever is less, beginning with the first day of receipt of written notification by the department. *Nothing contained herein shall be construed to affect, impair, modify, restrict, define or expand any other obligation to deliver or*

*receive any such inmates by any state or local official or any requirement of timely compliance therewith"* (Correction Law § 601-c [2] [emphasis supplied]).

Under the circumstances of this case, Correction Law § 601-c (2) does not contemplate, and could not have been intended to provide, an impenetrable, perpetual shield against the contempt powers of a court. Were we to strike the contempt order here, we would clearly "affect" the appellants' obligation to comply, in a timely fashion, with its legal duty to accept all State-ready inmates in the county's custody *(see, Matter of Ayers v Coughlin,* 72 NY2d 346, 353). Indeed, the appellants have not questioned their obligation in that respect.

The finding of contempt, based on the appellants' continued failure to accept State-ready inmates, is borne out by the record. Disobedience of the court's mandate with impunity serves to encourage delinquency. Further, the appellants' failure to comply may subject the petitioner County of Westchester, though faultless, to Federal contempt charges based on the county's inability to maintain the Federally-imposed standards mandated by a series of Federal court orders. By seeking to limit its financial responsibility in the manner proposed, the appellants would eviscerate the contempt power of the court to enforce its lawful mandate, and to assure the State's compliance with its statutory duty. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.