■ In the Matter of SUBURBAN CARTING CORPORATION, Respondent, v REGINALD LAFAYETTE et al., Respondents, and ACTION RECYCLING, INC., Appellant. [607 NYS2d 133] —In a proceeding pursuant to CPLR article 78 to prohibit the City Clerk of the City of Mount Vernon from issuing temporary waste collection licenses to Action Recycling, Inc., unless authorized to do so by amendment of the City Code, Action Recycling, Inc., appeals from a judgment of the Supreme Court, Westchester County (Pirro, J.), dated December 2, 1991, which granted the petition and annulled a temporary waste collection license.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed.

The petitioner Suburban Carting Corporation (hereinafter Suburban Carting) did not have standing to contest the legitimacy of a temporary waste collection license issued by the City Clerk of the City of Mount Vernon to Action Recycling, Inc. In order to establish standing to challenge a governmental action, it must be shown that the challenged action will in fact have a harmful effect on the petitioner and that the interest asserted by the petitioner arguably falls within the zone of interests to be protected by the statutory or constitutional provisions which the petitioner invokes (see, Buckingham Apts. v Doody, 165 AD2d 855; Matter of Dairylea Coop. v Walkley, 38 NY2d 6). The mere issuance of the temporary

license did not have a harmful effect upon Suburban Carting. Furthermore, any subsidiary effect of increased competition did not fall within the zone of interests protected by the sections of the Mount Vernon City Code pertaining to licensed waste collectors. Competitive injury, of itself, will not confer standing *(see, Matter of Dairylea Coop. v Walkley, supra,* at 11).

In light of our determination, the parties' remaining contentions need not be addressed. We note, in any event, that the recent amendment of Mount Vernon City Code § 140-13 (E) has rendered these contentions academic. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.