*436 OPINION OF THE COURT
Richard Lee Price, J.
Petitioner moved by writ of habeas corpus, for this court to vacate the parole warrant lodged against him, order him released from the custody of respondent Rikers Island Correctional Facility and restore him to parole supervision.
Petitioner was convicted of attempted criminal sale of a controlled substance in the third degree and sentenced to an indeterminate term of three to six years. He was released to parole supervision on April 11, 1997 and on February 15, 1999, petitioner was declared delinquent. On March 17, 1999, a parole warrant was lodged upon petitioner. On April 22, 1999, at his final revocation hearing, petitioner pleaded guilty to charges contained in the violation of release report. The Hearing Officer made a recommendation that petitioner’s parole be revoked and restored and that he complete the Willard Drug Treatment Campus Program (Willard). For reasons still unexplained to the court, petitioner was never transferred to New York State Department of Correctional Services (DOCS) by the New York City Department of Correction (DOC), thus, he was never sent to Willard. In fact, pétitioner has remained at Rikers Island Correctional Facility, awaiting transfer, for over 100 days.
Petitioner claims that the parole warrant should be vacated and that he should not be required to complete Willard because he has been held beyond the 90 days he would have spent at Willard.
An understanding of the legal structure within which the Willard program operates is important to the resolution of these issues. In 1995, legislation was enacted creating CPL 410.91, authorizing the “sentence of parole supervision” for certain eligible criminal defendants {see, CPL 410.91 [1], [2], as amended by L 1995, ch 3, § 74). Upon conviction, the court imposes an otherwise standard indeterminate sentence upon the defendant. “Provided, however, if the court directs that the sentence be executed as a sentence of parole supervision, it shall remand the defendant for immediate delivery to a reception center operated by the state department of correctional services * * * for a period not to exceed ten days. An individual who receives such a sentence shall be placed under the immediate supervision of the state division of parole and must comply with the conditions of parole, which shall include an initial placement in a drug treatment campus for a period of *437 ninety days at which time the defendant shall be released therefrom.” (CPL 410.91 [1] [emphasis supplied].)
The Division of Parole also uses Willard as one of its authorized dispositions for parole violators who have had their parole revoked after a final revocation hearing. Hearing Officers are permitted to order certain violators “to be restored to the Willard drug treatment campus program” (9 NYCRR 8005.20 [c] [2]). In addition to other restrictions, this disposition is not available “if there are criminal charges pending against the violator on the date that the final revocation hearing is completed.” (9 NYCRR 8005.20 [c] [2] [ii].) Thus, there should be no impediment to the parole violator’s transfer upstate and then to Willard. Correction Law § 2 (20) defines a drug treatment campus, in pertinent part, as follows: “ ‘Drug treatment campus’ means a facility operated by the [DOCS] to provide a program of intensive drug treatment services for individuals sentenced to parole supervision sentences pursuant to section 410.91 of the criminal procedure law or for certain parole violators.” Willard is the drug treatment campus that was set up to satisfy the mandate of these statutes. Lastly, Correction Law § 70 (1) (c) provides that: “An institution operated by the [DOCS] as a drug treatment campus, defined in [Correction Law § 2 (20)] and used to provide intensive drug treatment services for parolees and certain parole violators shall not be deemed to be a correctional facility.” (Correction Law § 70 [1] [c], as amended by L 1995, ch 3, §§ 22, 23 [emphasis supplied].)
At petitioner’s final revocation hearing a number of distinct items occurred at once, his parole was revoked as a result of his violation, he was restored to parole supervision and Willard was imposed as a condition of his parole. Since Willard was a condition of his parole, upon petitioner’s restoration to parole supervision he should have been immediately delivered to a State correctional reception center for transfer to Willard (see, CPL 410.91). Thus, detention in a City DOC facility beyond a very brief period prior to transfer the State DOCS was unlawful* (see, Matter of Ayers v Coughlin, 72 NY2d 346 [1988]; Matter of Dooley v Coughlin, 72 NY2d 984 [1988]).
As petitioner was restored to parole supervision at his final revocation hearing, he has actually been on parole for the past seven months. Accordingly, he is ordered released to the immediate supervision of the Division of Parole.
*438 As a condition of his parole, petitioner was ordered to comply with all conditions of parole, including his initial placement at Willard for 90 days (CPL 410.91 [1]). His initial placement at Willard was thwarted through no fault of his own, and was the result of DOC’s failure to transfer him to a DOCS reception center. Thus he was unable to satisfy this condition of parole during his period of initial placement on parole. As my esteemed former colleague wrote, “[t]he inordinate delay of several months in moving this relator upstate to obtain the necessary substance abuse treatment he requires is greatly prejudicial to this relator and most distressing to this Court” (People ex rel. Wilson v Parole, Crim Ct of City of NY, Sept. 9, 1997, Sheindlin, J.). However, since Willard is not a correctional facility, an initial placement at Willard does not constitute incarceration (Correction Law § 70 [1] [c]), but is rather a condition of petitioner’s parole. An individual placed on parole is not sufficiently restrained of liberty to be entitled to the extraordinary writ of habeas corpus (People ex rel. Romano v Warden, 28 NY2d 928 [1971]; People ex rel. Yacobellis v McKendrick, 28 NY2d 808 [1971]; People ex rel. Furtak v Mancusi, 26 NY2d 966 [1970]). Thus, petitioner cannot challenge his placement at Willard as a condition of parole by writ of habeas corpus. It is ultimately up to the Division of Parole to decide whether to send petitioner to Willard or release him to community-based supervision.
Accordingly, petitioner’s writ of habeas corpus is sustained to the extent that petitioner is ordered released from the custody of DOC to the immediate supervision of New York State Division of Parole. The Division of Parole shall determine whether or not they will subject petitioner to an initial placement at Willard.

 There may be other remedies available to petitioner for this extended period of apparently unlawful detention.