OPINION OF THE COURT
Stephen J. Mignano, J.
The State moves to dismiss this claim on the basis that claimant lacks standing to bring this action and the claim fails to state a cause of action.
Claimant, pro se, alleges that on February 4, 1999 he was an inmate incarcerated in a county facility and was classified as “State ready.” As a result, he alleges that the State was required to transfer him to a correctional facility operated by New York State within 14 days (see, Matter of Ayers v Coughlin, 72 NY2d 346; County of Nassau v Cuomo, 69 NY2d 737). Claimant further asserts that he was not transferred to a New York State-operated correctional facility until June 1, 1999, after he had filed a CPLR article 78 proceeding in Supreme Court, Orange County. Claimant seeks damages of $150 per day for the period from February 4 to June 1, 1999.
The State seeks dismissal in reliance upon Correction Law § 95 and Matter of Young v Goord (178 Misc 2d 913). In Matter of Young (supra), the Albany County Supreme Court, in an article 78 proceeding to compel the Commissioner of the State Department of Correctional Services (hereinafter DOCS) to accept Mr. Young into the State prison system “forthwith,” held:
“individual ‘State-ready inmates have no standing under CPL 430.20 (1) to compel respondents to transfer them to State [DOCS] facilities forthwith because the Legislature in addressing pervasive prison overcrowding has in Correction Law § 95 explicitly provided for contracts between the Commissioner and localities to house such inmates for up to six months. Although being housed in a local correctional facility may arguably have a harmful effect on ‘State-ready inmates by preventing them from having access to shock, work release, educational and rehabilitation programs, or release on parole, this court holds and determines that by enacting Correction Law § 95 the Legislature clearly expressed its intent that inmates sentenced to State prison are not within the ‘zone of interests’ which CPL 430.20 aims to promote or protect.”
*907 (Matter of Young v Goord, 178 Misc 2d 913, 916.)
Based upon the court’s finding of a clearly demonstrated agreement between DOCS and Albany County for use of the local correctional facility to house inmates, including Mr. Young, the petition was dismissed.
On its face, Young is distinguishable from the case at bar for the simple reason that the State has not demonstrated a similar contract with Orange County to house State inmates. Thus, even if this Court agreed with the analysis in Young (supra), Correction Law § 95 is not applicable[1] since, absent a contract, the State has not demonstrated any statutory authority to house claimant in a local facility.
In addition, this Court must respectfully decline to follow the opinion of the Albany County Supreme Court to the effect that the enactment of chapter 3 of the Laws of 1995 (the Sentencing Reform Act of 1995) clearly demonstrated legislative intent to divest inmates of standing under CPL 430.20 as established in People ex rel. Perdue v Jablonsky (174 Misc 2d 604).
A review of the Bill Jacket supporting the Sentencing Reform Act indicates that the provisions of Correction Law § 95 (enacted as a part of the Act) were seen as a budgetary matter. In fact, the various statements in the Bill Jacket concerning other sections of the Sentencing Reform Act appear to indicate an expansion of programs available to inmates in the State system rather than a constriction of same (see, Budget Report on Bills, Bill Jacket, L 1995, ch 3).
Presumably, to the extent that these programs (which are not available in local facilities) would entitle an inmate to shorten his/her term of incarceration, the legislative intent would be to get such inmates into these programs at the earliest practical time, thereby easing the overcrowding conditions which permeate the discussion of the entire Sentencing Reform Act. Thus, I cannot agree that the Sentencing Reform Act of 1995 evidences legislative intent to affect standing under CPL 430.20.
*908 Likewise, the legislative histories of chapter 996 of the Laws of 1970 and chapter 788 of the Laws of 1971 (which included the enactment and amendment of CPL 430.20) do not evidence any legislative intent to restrict standing thereunder solely to local officials. On that basis, I conclude that the unappealed holding in People ex rel. Perdue v Jablonsky (174 Misc 2d 604)[2] is the current state of the law in New York and thus claimant has standing in the matter before the Court.
Having determined that Correction Law § 95 is not applicable and that claimant has standing pursuant to CPL 430.20, we next turn to the question of whether claimant states a cognizable cause of action for monetary damages.
CPL 430.20 (1) provides that when a sentence of imprisonment is pronounced the defendant must forthwith be committed to the custody of the appropriate public servant. The Court of Appeals has held that county sheriffs have standing under CPL 430.20 to compel the State to accept State-ready inmates into the State system within a reasonable number of days after their certification of State readiness (Matter of Ayers v Coughlin, 72 NY2d 346). As the Supreme Court noted in Jablonsky (supra) and People ex rel. Carillo v Basilone (183 Misc 2d 707, supra), the availability of certain programs and hearings which may, at least potentially, shorten the term of a specific inmate’s incarceration are available within the State system but not in the local systems.
The Court of Claims has recognized a cause of action for wrongful confinement as a species of false imprisonment (Gittens v State of New York, 132 Misc 2d 399 [Corbett, J.]). Further, this Court has held:
“When a prison inmate is subjected to confinement without statutory or regulatory authorization, the confinement is wrongful, and the inmate may sue for money damages.” (Ramirez v State of New York, 171 Misc 2d 677, 681 [King, J.].)
It is noted that both decisions of this Court cited above dealt with additional confinement within the prison system. However, if we have recognized the concept of wrongful confine *909 ment where the difference is one of degree within the State prisons, it must logically follow that we will also recognize a cause of action where the difference is between the full availability of parole and programs in the State system versus the lack of same in the local facilities which, in the rare and ultimate circumstance, could result in a shorter period of incarceration.
For the purposes of this motion to dismiss, taking claimant’s allegations as true (Leon v Martinez, 84 NY2d 83, 87; Morone v Morone, 50 NY2d 481, 484), claimant has alleged that his confinement to a local facility was without statutory or regulatory authority and the State has shown nothing upon which this Court may find such authority. In such circumstances, if claimant is able to prove at trial that he was somehow precluded from shortening his period of incarceration or receiving some other benefit to which he was entitled as a direct proximate result of his extended confinement to the local facility, claimant could be entitled to monetary damages for wrongful confinement.
Based upon the foregoing, the State’s motion to dismiss the claim is denied. Certainly, claimant faces extremely heavy burdens of proof as to both liability and damages if he is to fit within the very small category of inmates who have been actually damaged by the provisions of either CPL 430.20 or Correction Law § 95. However, such issues cannot be decided in this motion and must remain for future proceedings before this Court.

. Further, this Court also finds the constitutional analysis set forth in People ex rel. Carillo v Basilone (183 Misc 2d 707) to be persuasive for the proposition that the interplay of Correction Law § 95 and CPL 430.20 can, in very defined circumstances, lead to an unconstitutional result on an “as applied” basis. Such constitutional infirmity, if proven, could give rise to an actionable claim in this Court (Brown v State of New York, 89 NY2d 172). Thus, DOCS would be well advised to consider the advice of the Supreme Court in Carillo (supra). However, in view of the decision herein, we need not reach the potential constitutional analysis in this matter.

. Specifically, that part of the court’s decision that:
“inmates sentenced to State prison, who have an interest in seeking admission to SHOCK, work release, educational and rehabilitation programs or release on parole, are within the ‘zone of interests’ protected by CPL 430.20.” (174 Misc 2d at 609-610.)